**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WILLIAM F. JENSEN,<br><br>            Petitioner-Appellant,<br><br>v.<br><br>MIKE OBENLAND,<br><br>            Respondent-Appellee. | No.   16-35467<br><br>D.C. No. 2:15-cv-01094-JCC<br><br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 6, 2017<sup>**</sup>
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

William Jensen appeals the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we

affirm.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Jensen argues the trial court violated his Sixth Amendment right to a public trial by excluding spectators during voir dire. The Washington Court of Appeals denied the claim because it was supported only by Jensen's own affidavit and the Washington Supreme Court denied review.

Under the Antiterrorism and Effective Death Penalty Act, we may only reverse the state court's adjudication of Jensen's claim if the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even accepting all of the allegations in his affidavit as true, Jensen offers only his uncorroborated observations that a person appeared at the doorway to the courtroom and did not enter. He speculates that entry was barred. He does not allege the trial court ordered the courtroom closed, nor attempt to support his argument with affidavits from attorneys, court staff, or veniremembers who were present in the courtroom. Jensen's assertion that the court was closed to the public therefore remains entirely speculative. We cannot say the state court's conclusion that Jensen failed to establish a courtroom closure was unreasonable, *see Hurles v. Ryan*, 752 F.3d 768,

778 (9th Cir. 2014), or that he was entitled to an evidentiary hearing, *see Sully v. Ayres*, 725 F.3d 1057, 1075-76 (9th Cir. 2013).

**2.** The state court's conclusion that Jensen failed to meet his burden to show he was mentally incompetent to stand trial was not unreasonable. *See* 28 U.S.C. § 2254(d)(2). The Washington Court of Appeals found no evidence there was any question about his competency at the time of trial, and concluded that a psychiatric report prepared five years after trial was insufficient to entitle Jensen to relief. We affirm the district court's denial of Jensen's competency claim.

**3.** Because we conclude Jensen has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we decline to expand the certificate of appealability to include his double jeopardy claim.

**AFFIRMED.**